United States v. Boone, No. 184829. Mr. Babineau, when you're ready, sir. Good to have you here. Sorry about your injury. Thank you, Judge King, Judge Harris, Judge Rushing, and I appreciate the court allowing me to not wear the jacket. It's difficult to drape and keeps falling off, so I appreciate that. We are here on a very narrow issue, as the court can see from the booth by myself as well as the government in this case. Mr. Boone joins me here in court. He's in the front row. It's unusual for me to have one of my clients in court with me in the context of a criminal case, so he made the trek up here with me this morning, me driving, to appear before you. This case comes, as I said, on a very narrow issue, and it relates to Judge Morgan's continued application of a special condition related to driving for Mr. Boone. The procedural history... The whole thing is whether or not he can drive a car. That's correct. Judge Morgan says he can't. Yes, sir. And you're appealing Judge Morgan's position on that. Yes, sir. And you got an appeal waiver. Yes, sir. How do you get around the appeal waiver? Well, the appeal waiver... Regardless of the merits of the thing, how do you get past the appeal waiver? Well, the appeal waiver still requires the court to articulate a basis for its findings in terms of its sentences imposed. Otherwise, 3553A factors would never be considered by the court in sentencing defendants who have entered into guilty pleas. The court did that when it imposed this condition. It did, but under 18 U.S.C. 3583E2, the court also has the power to, and is provided for by that statute, to modify, reduce, and enlarge the conditions of supervised release at any time prior to the expiration or termination. Right, and you asked the court to modify, but it didn't modify it. So there's been no modification. Well, and that's part of the government's position. There wasn't any modification, but what I argue and what I would suggest would be the appropriate application of that thought process is the court still has to conduct an analysis as required by 3553E2 into the sentencing factors, 3553A, and articulate a basis for the denial other than just saying denied. Otherwise, judges, which causes the public to be concerned about jurisprudence in this country that we are just making decisions behind closed doors as opposed to articulating a basis for a decision. In this case, Judge Morgan. Well, the public could be concerned about people disregarding court orders, and your client was driving an automobile, and there's a picture of him in the record here somewhere. Yes, sir. And in defiance of a court order. Yes, sir. I mean, that would have been a very good reason for denying any relief. Anyway, notwithstanding everything else. And he was... Numbing his nose at the judge. And he was convicted. Judge Morgan was pretty lenient with him. Well, for driving 60... No, I'm talking about in this case, on the underlying case. Well, the court may feel that way. In this case, Mr. Boone... And he says he wasn't going to let him drive a car to protect the public. As a result of the witness, Dr. Callahan, who was the same expert who opined 19 months later on the modification request, that Mr. Boone, after serving the 60 days in jail, he lost 28 pounds, he was fully medication compliant, and his blood pressure was no longer an issue. Dr. Callahan, a very well-respected cardiologist in the Hampton Roads area, opined that he was no longer a danger or a risk for a hypertensive event while driving down the roadway, given his stability and his medical condition that had been well demonstrated over the 19 months. I think that it's for the very reason, Judge King, that you just said, that you felt like Judge Morgan was very lenient with him. And that, I believe, works to the benefit of the appellant in this case. And the argument that I'm making is that this became a punitive issue. Maybe the judge's feelings were hurt by virtue of him driving. By virtue of him defying the court order? He defied the court order. He accepted responsibility for defying the court order. He was sentenced to 60 days in jail for defying the court order and was forced to continue to be on supervised release, home electronic monitoring, for an additional period of time, an additional period of supervision. He probably got a pretty significant sanction for driving. We're talking about a man that paid almost a million dollars back to the government, who testified against a public... What were his guidelines to begin with? A public official. They're in the appendix, Judge, because the sentence of no incarceration, probation with home electronic monitoring, was well below the guidelines. Can I ask you a question? I have a separate concern about the timeliness of this appeal. You're appealing the October 2018 denial of the motion to modify. Is that right? This appeal comes from the... It was dated... The motion was November 1st. The motion, okay. 2018. So this is my concern, and I'm going to give you a chance to address it. The first time there was a motion to modify this restriction was in February 2018, and the appeal period on that ran without an appeal. There's a lot of case law saying that you can't extend the time for appeal by filing the same motion over and over again. That you had 14 days after this was denied in February 2018 to appeal. There was no appeal. That's the end of it, and you can't buy yourself more time by filing the same motion two more times. And it's basically, as I can tell, it seems like it's the same motion each time. A motion to modify this driving condition in light of the change in medical outlook. And so I am troubled... I have a question about whether this is a timely appeal, so maybe you can address that. Well, two things. One, I think the 18 U.S.C. 3583E2 provides for modification. Was there a distinction between the earlier filings and the last filing? Yes, there was. He had completed a period of... His home electronic monitoring period had expired at that point in time. He was re-evaluated by Dr. Callahan at that point in time, which extended the period of time. I think it's significant that he continued to survive his period of probation and show a longer standing, if you will, medical history of no hypertensive events. And as a result of that, I think it is appropriate for the court because it is a modification, and those modifications are ongoing. It's not just a repetitive event without any merit. It is an event that because of the completion of the home electronic monitoring and the further evaluation that I believe it is appropriate and was proper, and the appeal was timely as a result of the November 1st, 2018 events. He had also at that point in time completed paying the restitution amount. So there were a lot of other factors that were before the court then that I believe would have allowed the court to make an intelligent then decision as it related to the continued need to have that. Maybe the judge, as Judge King suggested, maybe the judge just felt like he didn't want him to drive for some other reason because he had defied the court's order and driven when he was told not to. But the judge didn't tell us that. What the judge said was denied. He didn't say it's not timely, it's not anything. The judge just simply said denied. And it's my contention based upon even this court's finding, getting over the issue of the multiple appeal issue, but if you look at this court's decisions in Worley and RML, the court clearly said in its findings in those cases that this of an issue related to a special condition or anything that comes before the court, that there must be a record of that. And this court cited United States v. Henry in saying appellate courts must have sufficient information about the justifications offered for the sentence imposed in order to conduct a meaningful review. And clearly in RML as well as Worley, this court continued to say that special conditions are subject to the court articulating a basis for the application of those special conditions. In this case, Judge Morgan simply failed to articulate a basis even though the uncontroverted evidence was that he was medically able to drive. There was no other relation, no statutory factors the court could otherwise consider to arbitrarily impose this special condition because it didn't relate to any of his offense conduct. Yes ma'am. Sorry to interrupt you. Do you agree that the special conditions are subject to the appeal waiver? They are part of the sentence and therefore subject to the waiver that you've signed? I don't believe they are subject to the waiver without the court applying all of the requirements, otherwise sentencing requirements under the statutory scheme including 3553A factors. Otherwise, the courts could just arbitrarily impose that this court has rejected in Worley and RML arbitrarily impose any ridiculous sanction or condition it wanted to as a special condition and the government could always stand up and say, well, you waived your right to appeal so too bad. Counsel, I asked you what you were appealing and I got my date wrong, but you're appealing the November 2018 denial of the third motion to modify. I thought the appeal waiver applied to March 2017 sentence. And now we're talking about a driving restriction that was imposed after a revocation hearing in September 2017 and there's a lot of case law saying those are two entirely separate convictions and sentences. So can you explain to me why an appeal to the sentence imposed in September 2017 after the revocation proceeding? I don't think the appeal waiver would... Okay, I'm confused as to what you're appealing. I don't think the appeal waiver would continue to apply. The appeal waiver says any sentence. Yes, sir. It says any sentence. It doesn't say the sentence. Yes, sir. It says any sentence. Yes, sir. It does say... He had 37 to 46 months is what his guidelines were and he got nothing and then got this restriction that he wasn't supposed to drive because the judge said, I just don't think that it's good for him or the public to transport himself. Because of his medical conditions and the court accepted, Judge Morgan accepted Dr. Callahan as an expert in the sentencing hearing in which the court imposed the sentence that it did and accepted him as an expert. The government offered no evidence to refute Dr. Callahan at that point in time, just like they... And he accepted him as an expert and Dr. Callahan has now opined uncontroverted again, no evidence offered to the contrary by the government. Maybe they would have offered some evidence but the judge didn't conduct a hearing that maybe I suggest is required pursuant to Rule 32.1 to make a determination and then articulate a basis. He just simply said deny. The sentence that he's serving now is the punishment for his bribery, bank fraud, corruption convictions, right? It's not the punishment for violating the court order about driving. He went to prison for 60 days and that's done. This punishment relates back to his original conviction and sentencing. It does, but fairly stated, it relates back because of the medical evidence that we offered related to his hypertension. I will respond to the government in the time that I have left. Thank you very much, sir. Thank you, Your Honors. May it please the court, Andrew Balcy for the United States. Good to have you here, Mr. Balcy. Good to be here, Your Honor. Can I ask you to pick up exactly where we left off? Yes, Your Honor. The no driving condition that is at issue here, is that the no driving condition imposed in March 2017 or the no driving condition imposed as the revocation sentence in September 2017? Your Honor, the no driving condition was initially opposed at the sentence. Which one is at issue now? Your Honor, that condition was reimposed at the probation revocation hearing and so I believe the motion to modify is to modify that condition which is imposed at the probation revocation and that would be the one at issue here. I think I understand the- Yeah, so how is that covered by the appeal waiver that related to the March 2017 sentence? Yes, Your Honor. Because we have unpublished case law saying those are two different things and a bunch of circuits have published on that, so I'm concerned. Your Honor, when the initial sentence was handed down, it was a probationary sentence and a probationary sentence is probationary by definition. The defendant within just a few months violated really the only term of the probationary sentence that was an inconvenience to him. It was photographed doing so and that probation was then, there was a hearing and the probation was then revoked. That revocation happens under 18 U.S. Code 3565 and 3565 says that when a probation is revoked, it's a wholesale, it's a resentencing based on the judgment that occurred initially under 3553A and the normal factors we consider. And so this was a follow-on to the initial sentencing that happened. It was a probationary term that he violated. But we held in Murphy, which is unpublished, that that revocation sentence is a new sentence and it's a new conviction and a prior appeal waiver isn't going to control anymore and a bunch of circuits have published case law saying that. So do you want us to split with those circuits and say that Murphy was wrong or am I missing, is there some distinction I'm missing? I'm sorry. I'm not familiar with the Murphy case. I could point the court though to this case is, this court's decision in another unpublished case, Norris. The Norris case was 457 Federal Appendix. It's a 2011 decision, sorry, 333. There the court held that the defendant's challenges to the duration and conditions of a supervised release fall within the scope of the waiver. That's a general statement that holds true here as well, including special conditions. That follows the Evans case that holds the- But those are ones that are imposed after- That's talking about a supervised release term and here- But that was imposed at the same time as the initial sentence. That's right, Your Honor. Right. I'm talking about, I think it's distinct from, I mean, at least the nub of the case law I'm talking about is it's different once there's been a separate revocation proceeding that now we have a new conviction and a new sentence. Your Honor, I don't believe that, well, and I'm not familiar with the Murphy case and that line of cases, but I don't believe it's a new conviction on the counts. He's convicted on these counts and he's given a probationary sentence. When he's unable to comply, the court looks to 3565 and that says that you basically do a new sentencing under the sections of Section 227 that relate to the sentencing ab initio. And so what you have is a new sentence that's handed down that is premised on the same judgment and the same conviction that happened before. So you admit it's a new sentence. It's a re-sentencing. Pardon? Under the terms of the statute, it's a re-sentencing. It's a re-sentencing. But your plea agreement, the waiver. Yes, sir. In the third line, it says he waives the right to appeal the conviction in any sentence. That's right, Your Honor. That's why any. Even if it is a re-sentencing. Does that mean anything, any? Absolutely, sir. Imagine a case where for some reason there's an appellate waiver. It talks about any within the statutory maximum. Within the statutory maximum. 50 years or something, he might have had something. Yes, sir, Your Honor. And so imagine a case where something goes wrong, there's an appellate waiver, something goes wrong at the initial sentencing and say the court did outside the statutory maximum and it was reversed in this court and sent back for, vacated and sent back for re-sentencing. When the defendant in that case was re-sentenced, certainly the appellate waiver would still apply if the sentence was correctly imposed within the statutory maximum. Otherwise, the appellate waiver would have no value in cases outside the ordinary course. But this is a standard sentencing and it was a benefit to the defendant that he got a probationary sentence at the outset and then he violated it. I don't know that his violation, it's his violation of the one term that was an inconvenience to him that led to the revocation and this re-sentencing event. If the defendant is able to violate his way out of the appellate waiver, then that, number one, the issues, the interest of finality that the government has are prejudiced and- You want to turn us into an equity court? No, sir. No, sir. This is- I'm just saying if he can violate his way out, he can get relief. Oh, I don't want him to do that, Your Honor. No, you don't. To be clear. Yes, sir. And that's the issue here is this special condition was originally imposed as part of this probationary sentence that was lenient to the defendant and he was unable to comply with it and he's trying to appeal the same condition. And let's be clear. The same condition was imposed as a term of probation. It was just re-imposed when just re-couches a supervised release special condition upon the revocation hearing. It's the same term that's been in place from day one of the sentence. If it's a new sentence, it's exactly the same thing. It was the same thing and it was always going to be re-imposed because the defendant at that revocation hearing said his health condition had not changed. Is that issue about whether it's a third effort to modify? That's a separate concern. So the waiver argument covers the field. Waiver argument covers the field. Yes, sir, Your Honor. He didn't appeal the first one. He didn't try to. He didn't appeal the first one. He didn't try to appeal the second one. He didn't. He tried to appeal the third one. Well, there's actually five events here, Your Honor. Well, the appeal waiver doesn't say he can't try to modify it, though. So that's correct. He can try to modify it. That's correct. So he can seek to modify under the appeal waiver. Yes, sir. He just can't appeal the denial. Yes, sir. Under the appeal waiver. That's the government's position. Just like a defendant in the case where there's an appellate waiver in the case, the defendant can ask the judge for a lenient sentence. The defendant then has to take the judge's answer. So here in the 3583E motion where the defendant can ask the judge to modify, the defendant is free to ask the judge to do that and maybe the judge would in the right circumstances. But the appellate waiver means that the defendant has to take the judge's answer, just as he does with whatever term of month he sees on the front end of the sentence. As far as the rule four concerns that Judge Harris raised, what we have here, there are actually five events. There was no appeal and no objection at the time of sentencing. There was no objection and no appeal at the time that the special condition was imposed. That first motion to modify was filed just months after that probation revocation hearing where there was a proffer that the defendant's medical condition hadn't changed. The court denied it and there was no appeal from that denial. More than 14 days ran. Several months later, he does it a second time. And there are slight variations in what he's asking for. But the one constant he's asking for is, this guy just really wants to drive and makes that clear through his three motions. He does it the second time and, again, there's no appeal. And it's only the third time now, pretty far down the road. The only difference between these motions is simply the passage of time. And I could see a scenario where there's some discrete event that occurs that changes the underlying facts that support a motion where now you're not evading the structures of rule four. And that just didn't happen here. It's the same motion repackaged three times. And so that's a subsidiary reason that I think that the court should deny, even before reaching the merits, the court ought to deny this appeal. As to the third, and let me do this, if I could, it's probably a good time, just to cite a couple of cases to the court that are in closer to the strange procedural posture we're in here. There's a case from the Fifth Circuit called Scallon 683 F3rd 860. And there the court held that the appeal waiver bars an appeal from the denial of defendant's motion to modify conditions of supervised release. And the facts are a little different. The appellate waiver was a little bit different. But it's pretty close to the scenario we're in here. Likewise, there's an unpublished Third Circuit case, Lane 404, Federal Appendix 571. By waiving his right to a direct appeal, Lane waived his right to challenge the duration of his term of supervised release. And that is, again, in the context of a 3583E motion to modify, just like we have here. Your Honors, if we get to the merits of the case, there's been a suggestion, I think, in the briefing and a little bit here at argument that the court had to do a lot, basically, in considering this motion to modify. But we're pretty far down the road when it comes to a motion to modify and unobjected to an unappealed special term of supervision. By the time we're here, the court has heard two allocutions from the defendant, two proffers from the defendant's counsel, and the court actually examined the doctor who testified at the initial sentencing. So the court not only heard testimony from the doctor, but actually examined him. The court has a lengthy record that it has in the background when it receives this motion just months after putting this defendant in jail for driving, receives a motion that the defendant wants to drive. Well, can I tell you my concern on just were we to reach the merits? I mean, I understand because the district court did not, in fact, modify the term. Normally, we could look back at the original explanation and that would still stand. And so if all the defendant is doing is sort of repackaging the first set of arguments in a motion to modify, I'm not sure we do need an explanation. But here, like the first explanation was he's too sick to drive. And now the allegation, at least, is he's no longer sick. And so I literally have no idea why the court thinks the condition should continue to apply. And I can think of lots of reasons why the court might have thought that. But I have scoured the record and I have literally no idea why the court is still applying this condition. So what are we supposed to do about that? Your Honor, let me try to answer that in a couple ways. But one way I want to go at it is that letter, it's a single paragraph from the doctor saying, now I have an expert opinion about whether this defendant can drive. And that is fine. And if the district court says that's insufficient, I don't trust it, I'm not crediting it, this is nonsense, any of that, I'd be like, absolutely. But I don't even know that the district court saw it. So the district court, the motion was submitted with the letters attached and the district court ruled on all three occasions there was no just cause to modify these conditions. And we have to remember what the district court heard at that sentencing hearing, not just about hypertension, which is the basis of the doctor's letter. The district court also heard about cognitive difficulties, cognitive impairment and possible early onset dementia, a prior stroke, and there's a long medical phrase that basically means changes in his head as a result of the stroke that restrict blood flow and increase the possibilities of a more significant stroke. That and the hypertension was all the background to the proffer that was made that this defendant could essentially drop dead at any moment. In essence, in the terms of car and driving restrictions, he was basically in as worse a place as someone with severe epilepsy, which is someone who should absolutely not be on the road. And receiving a single letter with a paragraph that says, well, now I think he's fine to drive, the district court was well within its discretion to simply, the district court could have stamped denied on it, as they often do in these motions for shortening the term of supervision without engaging in a 3553A analysis that the court engaged in here unusually twice prior within the last 18 months. Well, I'm not, okay, that's your answer, all right. Yes, sir, you're on. I think that that's, that's basically all the argument I have, but I'd be happy to answer any more questions from the court. The government's position is we ought to do what? Well, the government's position is the appeal ought to be denied and it could be denied on the law. It could be dismissed. Well, dismissed on grounds of the waiver. Appeal waiver. That's correct, dismissed. That's the government's position number one. Position number one, and then number two is denied or dismissed. Denied on the merits. It could be couched both ways based on rule four, based on rule four evasion. Dismissal, right, dismissal. It would be a dismissal on rule four. It's a claims processing rule, so it would be a dismissal. If we don't have any jurisdiction, we don't have much right to go in and give an advisory opinion. As far as the merits, Your Honor? It's right. That's right, and so. If we don't have jurisdiction, we're supposed to stop. That's right, and so the merits would only be reached if I think the court decided against those two first courses of action and went to the merits, and if you get to the merits, I think there's a, the district court, we're in the height of discretion here with a term that's been imposed, not objected to, not appealed, and now their defendant is asking for a benefit to modify that term. That's the height of discretion for a district court. Thank you, Your Honor. Thank you, Mr. Bossi. Mr. Babineau? I never realized how important the use of the left side of my body was until this happened. Judges, you've heard essentially my argument. You've had an opportunity to read the briefing that's been provided to the court. It continues to be my position that Judge, like Judge Harris pointed out, and that this court has pointed out in the Worley and the Armell case, that without something on the record to show the reasoning why the court made the decision that did everything else is just conjecture, and we don't know what that is. And our law at this point, and hopefully never will be, based upon conjecture, what we think someone may have thought or what we think someone may have done at the time. In this particular case, as the record is clear, Judge Morgan accepted Judge Callahan as the expert and in his imposition of sentence recited that he was- You're calling Judge Callahan? No, Dr. Callahan, Judge Morgan, excuse me. Dr. Callahan. Dr. Callahan. Judge Morgan recited in his opinion and rendering of his sentence in the case, cited Dr. Callahan's opinion and embodied that in the context of the sentence he imposed. So to suggest for some reason that Dr. Callahan's decision now is somehow, as the government alleged in their reply brief, is somehow untruthful or questioned, I would suggest absent the judge making that kind of finding on the record or articulating that in his opinion is not a position that this court should consider. Transparency of district court's decisions, I believe is core to the integrity of the system. The judge failed to articulate the basis for his failure to modify that condition when presented with evidence. It's not like asking to be off probation early, as suggested by Mr. Bossi. This is a specific special condition that was imposed as a result of evidence, again, presented by the defendant in the case. We presented that evidence to the court. The government didn't present that evidence. The government didn't ask that he not be able to drive as part of their sentence that they argued. It was the defendant that presented that evidence to the court initially and at the revocation hearing that's still not in a position to be able to drive. I would suggest the appeal waiver does not apply and I would suggest that the modification of a condition of probation, a special condition of probation, continues to be relevant before the court. They aren't repetitive events to get where we are today. There were reasons for not appealing at certain junctures. Either the medical evidence didn't support it or the appellant continued in a sentence at that point in time, which restricted his movement, which restricted his time to be out because of the home electronic monitoring. And once he cleared that final hurdle, cleared the hurdle of paying all the monetary penalties to the court, finished testifying against a corrupt public official, Anthony Burford, who was convicted, the government got lots of benefits out of this too, out of this plea agreement from Mr. Boone. So it wasn't just a lenient sentence that came without a significant cost to him and work for the government in furtherance of the sentence that was imposed upon him. But this special condition related to driving should not be designed as a punitive condition, which I believe is exactly where we are absent the court articulating a basis for the same because the original basis for the imposition of that special condition no longer exists based upon what's been proffered to the court. Perfect driving record. A letter from the same expert the court accepted. And for those reasons I would suggest this is an appropriate case to vacate the court's imposition of the special condition of probation requiring no driving and or remand it back to the district court with direction that the district court conduct a hearing pursuing the 32.1 and articulate a basis for the same. Thank you. Thank you Mr. Babineau. We appreciate counsel's efforts in the case. We'll come down in Greek Council and then take a short break.
judges: Robert B. King, Pamela A. Harris, Allison J. Rushing